## FIRE RESULTING FROM NEGLIGENT OPERATION OF RAILWAY.

[Common Pleas Court of Franklin County.]

THE HOME INSURANCE COMPANY v. THE P., C., C. & ST. L. RAILWAY COMPANY.

Decided, April 17, 1906.

*Fire Insurance—Pleading—Where Fire Resulted from Negligence of Railway—And Loss has been Paid by Insurance Company—Intervening Cause—Contributory Negligence of Intervenor—Concurrent Acts of Negligence—Averment that Railway has Paid Excess of Loss over Insurance.*

1. In an action by an insurance company against a railroad company for recovery of the amount paid on a policy of insurance covering a building destroyed by fire through the alleged negligence of the railroad company, an averment that the owner of the property had complied with all the conditions of the insurance contract is a proper averment.

2. Where two acts of negligence are alleged and these unite in causing an injury, it is not a question of proximate or remote cause, but of a concurrence of two causes, for both of which the defendant may be responsible, and the one injured may allege and prove both if he can.

3. The pleading of facts is not open to objection in an action for negligence, where the pleader is thereby relieved from the necessity of pleading conclusions as to the concurrence of negligence or non-concurrence of contributory negligence.

BIGGER, J.

This is an action brought by the Home Insurance Company to recover from the defendant, the P., C., C. & St. L. Railway Company, for a fire loss paid by the plaintiff company to one Malissa Slain, for the loss by fire of a house adjoining the tracks of the defendant company in Montgomery county, this state, and which fire, it is alleged, was caused by the negligent acts of the defendant company, which are set forth in the petition. In substance the claim is that the company was negligent in maintaining an insecure railway crossing opposite the house in question, and that as one Babbitt was crossing the railway track with an oil wagon and was upon said crossing, his wagon wheel became fastened between the rail and the plank by reason of the distance being too great between said rail and plank, and that while thus

fastened upon the track an engine, in charge of an engineer in the defendant's employment, approached and negligently ran into the wagon, throwing its contents over the house which, becoming ignited from the fire in the engine, resulted in the total destruction of the house.

The defendant has interposed a motion asking that certain averments in the petition be stricken out as irrelevant and redundant.

First, it is asked that the averment that the owner of the house had complied with all the terms and conditions of the insurance policy upon her part to be performed be stricken out. This is clearly material because it is necessary for the plaintiff to allege and prove that the payment was not a voluntary payment, and that it was under legal compulsion to pay. Counsel for defendant seemed to admit in the reply memorandum that this may be necessary, but says it should be averred in issuable form, to-wit, that the plaintiff was obliged to pay, etc. But that would only be a conclusion of the pleader. The fact that she complied with all the terms and conditions of her contract, and that there was a loss by fire, and that plaintiff paid it, is the proper averment.

Defenses two and three of the motion ask that the averments concerning the negligence of the defendant in maintaining a crossing be stricken out. The claim upon this point is that the negligence of the defendant, if there be any, was that of the engineer in not bringing his train to a stop. But plaintiff is not compelled to rely upon one act of negligence of the defendant alone. If more than one act of negligence on the part of the defendant concurred in causing an injury, the plaintiff may allege such concurring acts of negligence. It is a familiar principle in the law of negligence, that where an injury results from the concurrence of two causes, for one of which the defendant is responsible, but not for the other, the defendant can not escape liability. It is equally true that if the defendant is responsible for each of which the defendant is responsible.

"Whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary and natural course of events, though such consequences may be immediately and

directly brought about by intervening causes, if such intervening causes were set in motion by the original wrongdoer.'' Black on the Law and Practice in Accident Cases and cases cited.

If the crossing had not been negligently maintained so as to entrap the wagon, the engine could not have done any injury, even if the engineer was not looking. On the other hand, the negligence at the crossing causing the wagon to be fastened might not have caused an injury, if the engineer had been exercising proper care. But where the defendant was responsible legally for both negligent acts, and they unite in causing the injury, there is no doubt about the right of the person injured to allege and prove both, if he can. It is not a question of proximate or remote cause, but a question of concurrence of causes, for both of which the defendant is responsible.

Branches four, five, six, seven and eight are treated together in the brief of defendant's counsel, and it is claimed they should not be stricken out as evidential matter. Most of this matter has relation to the conduct of said Babbitt after his wagon became fastened on the track, and it is said this is purely evidential. Counsel have not argued the question as to whether or not it is necessary for the plaintiff to allege and prove facts showing that Babbitt was not guilty of contributory negligence. If it is, then the pleader ought to state the facts as to his conduct—that is what he did, and not the conclusion of the pleader that he was free from contributory negligence. But if this is not necessary, still these are facts which I think it proper to plead upon the question of negligence of the engineer himself. An engineer who sees a wagon approaching or upon a railroad crossing, has ordinarily a right to assume that the wagon will move on across, and out of harm's way, and although he might see it plainly for a long distance as is here stated it was possible to do in this case, yet he would not ordinarily be negligent for not bringing his engine at once under control, but if the wagon be fastened upon the track and the driver be running towards the engine, as is alleged here, and flagging the engine, his conduct in approaching without bringing his train under control would present an altogether different question. Now, in pleading negligence, it is necessary to plead facts, and not conclusions, and I think whether it is neces-

sary for the plaintiff to aver facts to show the freedom of Babbitt from contributory negligence, it is proper to plead these facts upon the question of the negligence of the engineer.

There may be some repetition in the petition here in nine and ten, but it is not every case of redundancy which necessitates an amendment. Section 5115 of the Revised Statutes requires the court at every stage of a proceeding to disregard any error or defect in pleadings or proceedings which do not affect the substantial rights of the adverse party.

I am of opinion that the last branch of the motion which asks that the averment concerning payment of the excess of the value of the property to the owner be stricken out, should be overruled. If the assured has any interest or his whole loss was not paid he is a necessary party. Clement on Insurance, p. 369. From the averments of the petition it appears her loss was greater than the plaintiffs claim, hence the necessity of this averment to explain the absence of one who could otherwise be a necessary party. It would certainly appear on the trial that the loss was greater than plaintiff's claim, and put it in defendant's power to defeat the action for want of necessary parties.

The amendment may be made under the rule.

*J. W. Mooney,* for plaintiff.

*Henderson, Livesay & Burr,* for defendant.